UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS FRENCH, as administrator of the Estate of Curtis French;<br><br>              Plaintiff<br><br>    v.<br><br>PIERCE COUNTY, a municipal corporation; JOHN DOES 1-10.<br><br>              Defendants. | NO.<br><br>COMPLAINT FOR DAMAGES<br><br>(Demand for Jury Trial) |

## I. INTRODUCTION

1. Curtis French was shot and killed by Pierce County Sheriff's Officers in front of his family on November 3, 2019. At the time Curtis[1] was shot, he was so inebriated that he could barely walk. He posed no immediate threat to the officers.

## II. PARTIES

2. Plaintiff Thomas French is the son of Curtis French and the administrator of his Estate. *See* Estate of Curtis French, Pierce County Cause No. 21-4-01464-9.

3. Defendant Pierce County is a municipal corporation located in this judicial district.

---

[1] This Complaint uses first names to avoid confusion.

One of its departments is the Pierce County Sheriff's Department, which, upon information and belief, employed the individual Defendants named in this Complaint at all material times.

4. John Does 1-2 are police officers employed by the Pierce County Sheriff's Department. All acts committed by John Does 1-2 were done under color of state law and within the course and scope of their employment with the Pierce County Sheriff's Department. Plaintiff does not currently know the true names of John Does 1-2. Their identifies have been concealed by Defendant Pierce County. Plaintiff will amend this Complaint to state their true names when ascertained.

5. John Does 3-10 are persons connected to the Pierce County Sheriff's Department who, upon information and belief, were involved in the events that form the basis of Plaintiff's allegation herein. All John Doe Defendants are sued individually and in their official capacities. Plaintiff does not currently know the true names or capacities of John Does 3-10. Plaintiff will amend this Complaint to state their true names and capacities when ascertained.

### III. JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

6. Venue is proper in the Western District of Washington under 28 U.S.C. § 1391 because the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

### IV. STATEMENT OF FACTS

7. On the evening of November 3, 2019, Curtis French was at home in Tacoma, WA with Crystal French (ex-wife and current girlfriend), Thomas French (son), Jordan French (daughter-in-law), and his two grandsons.

8. Curtis had been drinking heavily that night. He was stumbling through the house, running into walls and furniture, and mumbling incoherently. His family tried to ignore him. They hoped he might just sit down and fall asleep.

9. The situation escalated when Curtis grabbed a knife and threatened to harm himself.

His family was concerned, so Jordan called 911 hoping to get him placed in a "drunk tank" where he would not be a danger to himself. While Jordan was on the phone with the operator, Curtis became more belligerent and aggressive. Crystal and Jordan walked outside to the front yard, and Thomas walked outside to the backyard with his son (his other son was sleeping inside). Everyone waited outside for the police to arrive, in hopes that they would take Curtis to sober up.

10. Several Pierce County Sheriff's Officers, including John Does 1-2, responded to the call. Curtis was standing on the porch when the officers arrived. He was still holding a small knife.

11. The responding officers immediately drew their firearms on Curtis. They were standing in a line in the middle of the street in front of the house. John Doe 1 had an AR-15 rifle. John Doe 2 had a 9mm pistol. Upon information and belief, the other officers were armed with similar weapons.

12. The officers were in no immediate danger from Curtis, who was standing on the porch. The family likewise was not in danger as they were standing outside.

13. Curtis stumbled down the steps and bumped into a car that was in the driveway. He could barely walk. The officers made no attempt to de-escalate the situation. Instead, as soon as Curtis stumbled down the stairs the responding officers, including John Does 1-2, shot Curtis twelve times, within seconds of arriving at the house. He died on the scene, in front of his family.

14. Curtis did not attack, or attempt to attack, the officers.

15. Upon information and belief, Defendant Pierce County and its officials maintained or permitted official policies or customs that caused the damages described herein, including a failure to provide adequate training and supervision to law enforcement officers regarding constitutional limits on the use of deadly force.

V. **FIRST CAUSE OF ACTION: EXCESSIVE FORCE (42 U.S.C. § 1983)**

13. Plaintiff restates the allegations of the above paragraphs.

14. Defendants, acting under color of state law and in concert with one another, seized Mr. French using unreasonable and unnecessary force without justification, in violation of the

Fourth Amendment to the Constitution of the United States, which guarantees the right to be free from unreasonable seizures and deprivations of life. Those guarantees apply to the states through the Fourteenth Amendment and 42 U.S.C. § 1983.

15. Defendants are liable to Plaintiff for damages in an amount to be fully established at trial, including compensatory damages, punitive damages, and reasonable attorney fees and costs.

## VI. SECOND CAUSE OF ACTION: NEGLIGENCE

16. Plaintiff restates the allegations of the above paragraphs. Defendants' actions constitute negligence resulting in death.

17. As a direct and proximate cause of Defendants' negligence, Plaintiff has been damaged in an amount to be fully established at trial.

## VII. PRAYER FOR RELIEF

Plaintiff requests the following relief:

18. An award of compensatory and general damages;

19. An award of exemplary and punitive damages;

20. Pre-judgment and post-judgment interest;

21. An award of attorney fees ands costs; and

22. Such other relief as the Court deems just and equitable.

DATED this 7th day of February, 2022.

LEGAL RESOLUTIONS, PLLC

By _____/s/ Josias Flynn_____
Josias Flynn, WSBA No. 44130
Attorney for Plaintiff